IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DANNY MANZANARES,

    Plaintiff,

vs.                                        Civil No. 05-0095 WJ/LFG

SEAN HIGDON, an Officer of the
Albuquerque Police Department,
Individually,

    Defendant.

**<u>MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANT'S MOTION TO STRIKE AND
STRIKING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT</u>**

THIS MATTER comes before the Court pursuant to Defendant's Motion to Strike Plaintiff's Motion for Summary Judgment (Doc. 34). Having reviewed the submissions of the parties, the Court concludes that the motion is well taken and will be granted.

**BACKGROUND AND DISCUSSION**

Plaintiff filed his Complaint in this case on January 27, 2005. On April 27, 2005, the Initial Pretrial Report was entered in the case with a discovery deadline set for September 20, 2005 and a deadline for pretrial motions set for October 20, 2005. On September 14, 2005, Plaintiff filed an unopposed motion to extend the discovery deadline and the pretrial motion deadline. By Order filed September 19, 2005, the Court granted Plaintiff's motion, and the deadlines were each extended one month to October 20, 2005 and November 20, 2005 respectively. See Docket No. 16. On December 21, 2005, Plaintiff filed an unopposed motion to extend the discovery deadline for the sole purpose of taking depositions. On December 27, 2005,

the Court granted Plaintiff's motion, and the discovery deadline was extended to February 10, 2006. See Docket No. 28. Plaintiff did not request an extension of the pretrial motion deadline, and the Court did not order such an extension. The fact that Plaintiff had previously requested an extension of both deadlines shows that Plaintiff was aware that a request to extend the pretrial motion deadline was necessary, and that the pretrial motion deadlines is not automatically extended when the discovery deadline is extended.

On January 27, 2006, more than two months after the pretrial motions deadline, the Court entered the Pretrial Order submitted by the parties. See Docket No. 29. In the Pretrial Order, Plaintiff indicated that he would file a motion for judgment as a matter of law at the close of the Defendant's case-in-chief, would file motions in limine, and might file a motion to continue the trial date. Defendant indicated that he would file motions in limine and Rule 50 motions as appropriate. Thus, there was no indication by either party that an extension of the pretrial motion deadline was necessary or would be requested.

On January 30, 2006, the parties jointly moved to continue the trial date, and that motion was granted on February 1, 2006. See Docket No. 31. On February 3, 2006, the Court sent the parties a notice that the trial had been reset for September 5, 2006.

On May 15, 2006, Plaintiff filed a Motion for Summary Judgment. Plaintiff filed this motion without moving the Court to extend or reset the pretrial motions deadline and without seeking leave of the Court to file the motion past the deadline. Defendant filed the instant motion to strike Plaintiff's motion. In response to Defendant's motion to strike, Plaintiff set forth a timeline showing some delays in the discovery of Defendant's Internal Affairs file with the Albuquerque Police Department and in the taking of Defendant's deposition. Plaintiff argues that

these delays were the responsibility of Defendant and caused the late filing of Plaintiff's motion for summary judgment. Plaintiff also contends that he could not have anticipated that Defendant's deposition would result in what Plaintiff believes is sufficient evidence to show that Plaintiff is entitled to summary judgment. Finally, Plaintiff contends that the late filing of the motion for summary judgment does not prejudice the Defendant because the trial date is still more than two and a half months away.

Plaintiff's arguments are beside the point. The pretrial motion deadline expired November 20, 2005, and Plaintiff did not file his motion until May 15, 2006. Plaintiff made no request for an extension of the deadline and did not ask leave of Court to file the motion past the deadline. The fact that Plaintiff's counsel decides that it is in his client's better interests to file a motion for summary judgment does not automatically give him license to ignore the Court's deadlines. Moreover, Plaintiff's counsel's willingness to ignore the Court's deadlines shows a lack of respect for the Court and its authority to regulate its own docket. For this reason, Defendant's Motion to Strike will be granted.

The Court would like to take this opportunity to remind parties that this case is set for trial on September 5, 2006. In the Notice sent by the Court to the parties on February 3, 2006, there are deadlines for jury instructions, motions in limine and responses to motions in limine. Those deadlines will be strictly enforced. If some dire circumstance arises that may require an extension, counsel should not wait until the eve of a deadline to request the extension. Additionally, any request for an extension will be denied unless it is based on good cause -- and it better be good.

**CONCLUSION**

IT IS THEREFORE ORDERED that Defendant's Motion to Strike Plaintiff's Motion for Summary Judgment (Doc. 34) is hereby GRANTED.

IT IS ACCORDINGLY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. 33) is hereby STRICKEN.

_____
UNITED STATES DISTRICT JUDGE