## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**DANNY MANZANARES,**

**Plaintiff,**

**vs.**                                                    **CIV No. 05-0095 WPJ/LFG**

**SEAN HIGDON, an Officer of the**
**Albuquerque Police Department,**
**Individually,**

**Defendant.**

### PLAINTIFF'S REQUESTED JURY INSTRUCTIONS (WITH CITATIONS)

Plaintiff **DANNY MANZANARES**, through his attorney, Dennis W. Montoya,

MONTOYA LAW, INC., hereby submits his proposed instructions to the jury for the trial

scheduled to commence on the Court's September 5, 2006 trailing docket, attached and herein

incorporated by reference.

Respectfully submitted,
**MONTOYA LAW, INC.**

**(ELECTRONICALLY FILED)**

By:    _____
Dennis W. Montoya
Attorney for Danny Manzanares
P.O. Box 15235
Rio Rancho, NM   87174

(505) 246-8499
(505) 246-8599 (facsimile)

### CERTIFICATE OF SERVICE

I hereby certify that this pleading was mailed to opposing counsel on Monday, August
21, 2006.

**(ELECTRONICALLY FILED)**

_____
Dennis W. Montoya

## PRAECIPE FOR PLAINTIFF'S OPPOSED REQUESTED JURY INSTRUCTIONS

|                              | GIVEN    | REFUSED    | MODIFIED    |
|------------------------------|----------|------------|-------------|
| **Requested Instruction No. 1** | _____  | _____  | _____  |
| **Requested Instruction No. 2** | _____  | _____  | _____  |
| **Requested Instruction No. 3** | _____  | _____  | _____  |
| **Requested Instruction No. 4** | _____  | _____  | _____  |
| **Requested Instruction No. 5** | _____  | _____  | _____  |
| **Requested Instruction No. 6** | _____  | _____  | _____  |
| **Requested Instruction No. 7** | _____  | _____  | _____  |

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 1**

Members of the Jury:

In any jury trial there are in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to decide what evidence is proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case; for example, instructions about burden of proof and how to judge the believability of witnesses. Then I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you should follow in your deliberations.

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 2**

You, as jurors, are the judges of the facts. But in determining what actually happened in this case—that is, in reaching your decision as to the facts—it is your sworn duty to follow the law I am now in the process of defining for you.

You must follow all of my instructions as a whole. You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 3**

In this case, the Plaintiff claims that the Defendant violated his Fourth Amendment rights under the Constitution of the United States by conducting an unreasonable search and seizure of his residence without obtaining a court order. Specifically, he claims that although he asked the Defendant to leave his house, the Defendant would not. He also claims that the Defendant violated his Fourth Amendment rights by unreasonably detaining him without a reasonable suspicion that he was involved in criminal activity. The Plaintiff has the burden of proving his claims.

Fifth Circuit Pattern Jury Instructions (Civil) 10.1 (2005) (modified).

**PLAINTIFF'S REQUEST JURY INSTRUCTION NO. 4**

Under the Fourth Amendment, every citizen has the right not to be subjected to an unreasonable search and seizure of one's dwelling. Every citizen has the right under the Fourth Amendment not to be subjected to an unreasonable detention or seizure. The law provides that a personal may sue for an award of money damages against anyone who "under color" of any state law who subjects that person to the deprivation of any rights protected by the Constitution of the United States.

In order for the Plaintiff to prevail on his claims, the Plaintiff must prove each of the following elements by a preponderance of the evidence:

First: That the Defendant violated Plaintiff's Fourth Amendment rights by entering his residence, detaining him, and/or refusing to leave when asked.

Second: That the Defendant acted "under color" of state law; and

Third: That the Defendant's acts caused the Plaintiff to suffer compensatory or nominal damages.

As to the first element of Plaintiff's claim, the Fourth Amendment to the United States Constitution protects every citizen against "unreasonable" searches and seizures. The Defendant's entry into Plaintiff's residence and refusal to leave when asked constituted a search and seizure within the meaning of the Fourth Amendment. Generally, Police officers must have a court order before entering a residence and entry without a court order and proper notice is presumptively "unreasonable."

As to the second element of the Plaintiffs claim, the parties have agreed that the Defendant acted "under color" of state law and you must accept that fact as proven.

Fifth Circuit Pattern Jury Instructions (Civil) 10.1 (2005) (modified); <u>Soldal v. Cook County</u>, 506 U.S. 56 (1992); Uniform Owner-Resident Relations Act, NMSA 1978 § 47-8-3(F), § 47-8-36, § 478-37(A).

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 5**

The Plaintiff claims that the Defendant intentionally deprived the Plaintiff of the Fourth Amendment constitutional right to be free from an unreasonable search.

The Plaintiff has the burden of proving by a preponderance of the evidence that the search was unreasonable.

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 6**

In this case each party asserting a claim or a defense has the responsibility to prove every essential part of the claim or defense by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

"Preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that a claim or contention is more likely true than not true. When more than one claim is involved, and when more than one defense is asserted, you should consider each claim and each defense separately; but in deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence you should find against the party making that claim or contention.

Eleventh Circuit Pattern Jury Instructions 6.2(2005 ed.)

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 7**

A search is reasonable, and a search warrant is not required, if a person in lawful possession of the area knowingly and voluntarily consents to the search. Consent may be withdrawn or limited by the consenting party at anytime.

Section 1983 Litigation: Jury Instruction, Volume 4, Schwartz, et al. (2003 supp)., 8.02.7(modified).

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 7**

When a police officer, by show of authority, has in some way restrained the liberty of a citizen, a Fourth Amendment seizure has occurred. Such a detention is unreasonable if the officer did not have an objective and reasonable suspicion supported by articulable facts that Plaintiff was committing or committed a crime.

Terry v. Ohio, 392 U.S. 1 (1968).

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 8**

The Plaintiff has the burden of establishing there was a lack of probable cause for his arrest. The Plaintiff also has the burden of making a prima facie case showing there was an illegal arrest.

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 9**

     It is not necessary to find that the Defendant had any specific intent to deprive Plaintiff of his civil rights in order to find in favor of the Plaintiff. The Plaintiff is entitled to relief if the Defendant's conduct was intentional, as defined in these instructions.

Clark v. Trujillo, et al., CIV 97-1157 LH/DJS (Court's Jury Instructions, 6/24/99); Trujillo v. Stroud, No. CIV. 86-0668 JB (D.N.M. 1988); Stewart v. Donges, No. CIV. 97-0476 JC (D.N.M. 11/22/88), *rev'd on other grounds*, 915 F.2d 572 (10th Cir. 1990); Parratt v. Taylor, 451 U.S. 527 (1981); McKay v. Hammock, 730 F.2d 1367, 1373 (10th Cir. 1984); Trujillo v. Goodman, 825 F.2d 1453, 1459-60 (10th Cir. 1987)

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 10**

In New Mexico, there is no such crime as resisting a police officer by withholding information.

Florida v. Rover. 460 U.S. 491, 498 (1983); Brown v. Texas, 443 U.S. 47, 52-53 (1979); NMSA § 30-22-1; State v. Prince, 126 N.M. 547, 1999 NMCA 10, 972 P.2d 859 (Ct. App. 1998)

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 11**

Any force that law enforcement officers apply in order to effect an arrest is, by definition,

excessive if the arrest if unlawful.

Cortez v. McCauley, 2006 U.S. App. Lexis 3270 (February 10, 2006, 10th Cir.) (modified - "arrest" replaces "seizure").

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 12**

A person is arrested when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen and there is a show of official authority such that a reasonable person would have believed he was not free to leave.

United States v. Ritchie, 35 F. 3d 1477, 1481 (10th Cir. 1994); Anderson v. Campbell, 104 F. 3d 367, 1996 WL 731244 (10th Cir. 1996) (unpublished opinion).

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 13**

As stated earlier, it is your duty to determine the facts and in so doing you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record.

Remember that any statements, objections, or arguments made by the lawyers are not evidence in the case. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case and, in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

Also, do not assume from anything that I may have done or said during the trial that I have any opinion concerning any of the issues in the case. Except for the instructions to you on the law, you should disregard anything that I may have said during the trial in arriving at your own findings as to the facts.

So, while you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 14**

Now, I have said that you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness' testimony. In weighing the testimony of a witness you should consider the witness' relationship to the plaintiff or to the defendant; the witness' interest, if any, in the outcome of the case; the manner of testifying; the opportunity to observe or acquire knowledge concerning the facts about which the witness testified; candor, fairness, and intelligence; and the extent to which the witness has been supported or contradicted by other credible evidence or previous statements inconsistent with the witness' present testimony. You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 15**

A witness may be discredited or impeached by contradictory evidence or inconsistent conduct, or by evidence that at other times the witness has made material statements, under oath or otherwise, which are inconsistent with the present testimony of the witness, or by evidence that the witness has been convicted of a crime, or by specific acts of wrongdoing of the witness. If you believe that any witness has been impeached or discredited, it is your exclusive province to give the testimony of that witness only such credit as you may think it deserves.

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 16**

As you know, this action was brought by a private citizen against a police officer. This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar station in life. All persons stand equal before the law, and are to be dealt with as equals in a court of justice.

Section 1983 Litigation: Jury Instruction, Volume 4, Schwartz, et al. (2003 supp)., 2.03.11
Kerr v. Chicago, 424 F.2d 1134, 1138 (7th Cir. 1970), *cert. denied*, 400 U.S. 833 (1970)

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 17**

Deposition testimony is testimony that was taken under oath before trial and has been preserved in writing. This testimony is entitled to the same consideration that you give any other testimony at this trial.

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 17**

The Defendant, who is a police officer, testified at the trial. At the time of the occurrence involved in this case he was an employee of the City of Albuquerque Police Department.

The fact that any witnesses or that the Defendant was employed by the City of Albuquerque's Police Department may be considered by you in determining whether his testimony was in any way influenced by his employment relationship with the police department.

Section 1983 Litigation: Jury Instruction, Volume 4, Schwartz, et al. (2003 supp)., 2.03.8(modified to remove "and still is"); Perla v. Village of Hempstead, E.D.N.Y. 90 Civ. 3182 (ADS) (Hon. Arthur D. Spatt)(February, 11 1993); Stewart v. Donges, No. Civ. 87-0476 JC (D.N.M. 11/22/88), *rev'd on other grounds*, 915 F.2d 72 (10th Cir. 1990); United States v. Nash, 910 F.2d 749 (11th Cir. 1990); Roberts v. Hollocher, 664 F.2d 200 (8th Cir.981); Darbin v. Nourse, 664 F.2d 1.109 (9th Cir. 1981)

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 18**

If you find that the Defendant is liable to the Plaintiff, then you must determine an amount that is fair compensation for all of the Plaintiffs damages. These damages are called compensatory damages. The purpose of compensatory damages is to make the Plaintiff whole—that is, to compensate the Plaintiff for the damages that the Plaintiff has suffered.

Compensatory damages are not limited to expenses that the Plaintiff may have incurred because of his injury. If the Plaintiff wins, he is entitled to compensatory damages for the mental anguish, shock and discomfort that he has suffered because of Defendant's conduct.

You may award compensatory damages only for injuries that the Plaintiff proves were proximately caused by Defendant's allegedly wrongful conduct. The damages that you award must be fair compensation for all of the Plaintiff's damages, no more and no less.

If you decide to award compensatory damages, you should be guided by dispassionate commonsense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the Plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

Fifth Circuit Pattern Jury Instructions (Civil) 10.1 (2005) (modified).

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 19**

If you find that the Defendant is liable for the Plaintiff's injuries, you must award the Plaintiff the compensatory damages that he has proven. You also may award punitive damages, if the Plaintiff has proven that Defendant acted with malice or willfulness or with callous and reckless indifference to the rights of others. In making any award of punitive damages, you should consider that the purpose of punitive damages is to punish a Defendant for shocking conduct, and to deter the Defendant and others from engaging in similar conduct in the future. The law does not require you to award punitive damages, however, if you decide to award punitive damages, you must use sound reason in setting the amount of the damages. The amount of an award of punitive. damages must not reflect bias, prejudice or sympathy toward any party. It should he presumed that a Plaintiff has been made whole by compensatory damages, so punitive damages should be awarded only if the Defendant's misconduct, after having paid compensatory damages, is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence. You may consider the financial resources of the Defendant in fixing the amount of punitive damages.

Fifth Circuit Pattern Jury Instructions (Civil) 10.1 (2005) (modified).

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 20**

Faithful performance by you of your duties is vital to the administration of justice.  Any verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree to it. In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate in an effort to reach an agreement if you can do so without giving up your individual judgment. Each of you must decide the case for yourself, but only after an impartial consideration of all the evidence in the case with your fellow jurors. In the course of your deliberations do not hesitate to re-examine your own views and to change your opinion, if you are convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.

Remember at all times that you not partisans.  You are the judges; judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 21**

Upon retiring to the jury room, you should first elect a foreperson who will preside over your deliberations and will be your spokesperson here in court.

A verdict form has been prepared for your convenience. You will take this verdict

form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date, and sign it. The foreperson will then notify the court security officer that you have reached a verdict.

If, during your deliberations, you should desire to communicate with me, please put your message or question in writing signed by the foreperson and pass the note to the court security officer who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom. I caution you, however, with regard to any message or question you might send that you should never state your numerical division on any issue.

## VERDICT FORM

Question No. 1. Do you find that Plaintiff Danny Manzanares has shown by a preponderance of the evidence that he has suffered compensatory damages as a proximate cause of his unlawful detention and the unlawful seizure of his residence in violation of his Fourth Amendment rights by Defendant Sean Higdon?

Yes _____ No _____

**NOTE: IF YOUR ANSWER TO QUESTION NO. 1 IS YES, PLEASE PROCEED TO QUESTION NO. 2. IF YOUR ANSWER IS NO, THEN STOP, SIGN THE FORM, AND NOTIFY THE COURT THAT YOUR DELIBERATIONS ARE COMPLETE.**

Question No. 2: If your answer to Question No. 1 was "yes," state the total amount of compensatory damages to be awarded with respect to these claims: _____.

**NOTE: ANSWER QUESTION NO. 3 ONLY IF YOU ANSWERED "YES" TO QUESTION NO. 1.**

Question Number 3: With respect to any of the above claims against Defendant on which you find in Plaintiff's favor, do you find that the conduct of Defendant was malicious, willful, reckless, or wanton?

Yes _____ No _____

If your answer is "Yes," state the total amount of punitive damages, if any, that you find needs to be awarded to punish Defendant and deter others from the commission of like offenses: _____.

**NOTE: PLEASE SIGN AND DATE THIS VERDICT FORM WHEN YOU HAVE COMPLETED IT.**

Dated: _____

_____
FOREPERSON