# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**DANNY MANZANARES,**
                      **Plaintiff,**

**vs.**                                                      **CIV No. 05-0095 JAP/LFG**

**SEAN HIGDON, an Officer of the**
**Albuquerque Police Department,**
**Individually,**
                      **Defendant.**

### **PLAINTIFF'S REQUESTED JURY INSTRUCTIONS (WITH CITATIONS)**

      Plaintiff DANNY MANZANARES, through his attorney, Dennis W. Montoya, MONTOYA LAW, INC., hereby submits his proposed instructions to the jury for the trial on damages scheduled to commence on the Court's October 26, 2009 docket, attached and herein incorporated by reference.

                                                Respectfully submitted,
                                                **MONTOYA LAW, INC.**

                                                /s/
                    By:      _____
                                   Dennis W. Montoya
                                   Attorney for Danny Manzanares
                                   P.O. Box 15235
                                   Rio Rancho, NM 87174
                                   (505) 246-8499
                                   (505) 246-8599 (facsimile)
                                   dmontoya@montoyalaw.com

### **CERTIFICATE OF SERVICE**

I hereby certify that this pleading was delivered to opposing counsel by the Court's CM/ECF document delivery service on Thursday, October 23, 2009.

/s/
_____
Dennis W. Montoya

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 1**

Members of the Jury:

In any jury trial there are in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to decide what evidence is proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case; for example, instructions about burden of proof and how to judge the believability of witnesses. Then I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you should follow in your deliberations.

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 2**

You, as jurors, are the judges of the facts. But in determining what actually happened in this case—that is, in reaching your decision as to the facts—it is your sworn duty to follow the aw I am now in the process of defining for you.

You must follow all of my instructions as a whole. You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 3**

Plaintiff Danny Manzanares brought this civil rights action against Defendant Sean Higdon because he claimed that Defendant Sean Higdon violated his civil rights when 1) Defendant Sean Higdon refused to leave Plaintiff's home after Plaintiff withdrew his consent for Defendant to remain in Mr. Manzanares' home; and 2) Defendant Higdon handcuffed Plaintiff Danny Manzanares and detained him in the back of his police car for a period of several hours.

The Court has already determined as a matter of law that Defendant Sean Higdon violated Plaintiff's civil rights. Plaintiff contends that he suffered damages as a result Defendant Higdon's violation of his rights. Defendant Higdon denies that Plaintiff Manzanares' suffered damages as a result of these violations.

You are only asked to decide the question of Plaintiff's damages. Defendant disputes the amount of damages that Plaintiff is entitled to receive for the violation of his civil rights.

Plaintiff's Statement of the Case

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 4**

Plaintiff claims that Defendant Higdon, while acting under color of state law, a) wrongfully remained in Plaintiff's home and b) wrongfully arrested him in violation of his rights under the Constitution of the United States.

The elements of Plaintiff's constitutional claim for damages against the defendant are as follows:

1.    That the Defendant refused to leave Plaintiff's home after the Plaintiff withdrew his consent for Defendant to remain in the home after he had asked the Defendant to leave and when he detained Plaintiff in handcuffs in the back of his police patrol vehicle for several hours;

2.    That the acts or omissions of the Defendant were intentional;

3,    That in so doing the Defendant acting "under color" of the authority of the State of New Mexico;

4.    That the Defendant's acts or omissions violated Plaintiff's right a) to be free from illegal entry into his home and b) not be arrested without probable cause; and

5.    The amount of Plaintiff's damages caused by the Defendant's acts or omissions.

With respect to the first four of these elements, the Court has already determined, as a matter of law, that Plaintiff's civil rights were violated, that the Defendant's acts and omissions were intentional, and the at the Defendant's acts and omissions violated Plaintiff's right not to be arrested without probable cause. In addition, the parties have agreed the Defendant acted "under color" of state law. Therefore, you must accept each of the first four elements listed above as proved.

Because the Court has already made the above determinations as a matter of law, you are only called upon to decide the issue of Plaintiff's damages resulting form the violation of Plaintiff's constitution rights.

With respect to the fifth element listed above, Plaintiff bears the burden of proving the amount or extent of her injuries by a preponderance of the evidence.

CITE: DEFENDANT'S REQUESTED INSTRUCTION NO. 3 (modified)

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 5**

You must fix the amount of money which will reasonably and fairly compensate Plaintiff for any of the following elements of damages proved by Plaintiff to have resulted from the wrongful conduct as claimed, to the extent you find them proved by a preponderance of evidence:

1. The nature, extent and duration of the injury.

2. The pain and suffering experienced as a result of the injury.

The guide for you to follow in determining compensation for pain and suffering, if any, is the enlightened conscience of impartial jurors acting under the sanctity of your oath to compensate Plaintiff with fairness to all parties to this action.

Whether any of these elements of damages has been proved by the evidence is for you to determine. Your verdict must be based upon proof and not upon speculation, guess or conjecture. On the other hand, the law does not require that Plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

Sympathy or prejudice for or against a party should not affect your verdict and is not a proper basis for determining damages.

DEFENDANT'S REQUESTED INSTRUCTION NO. 4 (unmodified); Judge Armijo's Stock Instruction No. 18A

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 5**

As you know, this action was brought by a private citizen against a police officer. This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar station in life. All persons stand equal before the law, and are to be dealt with as equals in a court of justice.

Section 1983 Litigation: Jury Instruction, Volume 4, Schwartz, et al. (2003 supp)., 2.03.11; *Kerr v. Chicago*, 424 F.2d 1134, 1138 (7th Cir. 1970), cert. denied, 400 U.S. 833 (1970)

9

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 6**

Deposition testimony is testimony that was taken under oath before trial and has been preserved in writing. This testimony is entitled to the same consideration that you give any other testimony at this trial.

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 7

The Defendant, who is a police officer, testified at the trial. At the time of the occurrence involved in this case he was an employee of the City of Albuquerque Police Department and still is.

The fact that any witnesses or that the Defendant was employed by the City of Albuquerque's Police Department may be considered by you in determining whether his testimony was in any way influenced by his employment relationship with the police department.

Section 1983 Litigation: Jury Instruction, Volume 4, Schwartz, et al. (2003 supp).,2.03.8; *Perla v. Village of Hempstead*, E.D.N.Y. 90 Civ. 3182 (ADS) (Hon. Arthur D. Spatt)(February, 11 1993); *Stewart v. Donges*, No. Civ. 87-0476 JC (D.N.M. 11/22/88), rev'd on other grounds, 915 F.2d 72 (10th Cir. 1990); *United States v. Nash*, 910 F.2d 749 (11th Cir. 1990); *Roberts v. Hollocher*, 664 F.2d 200 (8th Cir.981); *Darbin v. Nourse*, 664 F.2d 1.109 (9th Cir. 1981)

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 8**

The Court has determined, as a matter of law, that Defendant is liable for any injuries suffered by Plaintiff. As a result, you must award the Plaintiff the compensatory damages that he has proven. You also may award punitive damages, if the Plaintiff has proven that Defendant acted with malice or willfulness or with callous and reckless indifference to the rights of others. In making any award of punitive damages, you should consider that the purpose of punitive damages is to punish a Defendant for shocking conduct, and to deter the Defendant and others from engaging in similar conduct in the future.

The law does not require you to award punitive damages, however, if you decide to award punitive damages, you must use sound reason in setting the amount of the damages. The amount of an award of punitive. damages must not reflect bias, prejudice or sympathy toward any party.

It should he presumed that a Plaintiff has been made whole by compensatory damages, so punitive damages should be awarded only if the Defendant's misconduct, after having paid compensatory damages, is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence. You may consider the financial resources of the Defendant in fixing the amount of punitive damages.

Fifth Circuit Pattern Jury Instructions (Civil) 10.1 (2005) (modified).

\

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 9**

Faithful performance by you of your duties is vital to the administration of justice. Any verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree to it. In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate in an effort to reach an agreement if you can do so without giving up your individual judgment. Each of you must decide the case for yourself, but only after an impartial consideration of all the evidence in the case with your fellow jurors. In the course of your deliberations do not hesitate to re-examine your own views and to change your opinion, if you are convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.

Remember at all times that you not partisans. You are the judges; judges of the facts.

Your sole interest is to seek the truth from the evidence in the case.

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 10**

Upon retiring to the jury room, you should first elect a foreperson who will preside over your deliberations and will be your spokesperson here in court.

A verdict form has been prepared for your convenience. You will take this verdict form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date, and sign it. The foreperson will then notify the court security officer that you have reached a verdict.

If, during your deliberations, you should desire to communicate with me, please put your message or question in writing signed by the foreperson and pass the note to the court security officer who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom. I caution you, however, with regard to any message or question you might send that you should never state your numerical division on any issue.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**DANNY MANZANARES,**
          **Plaintiff,**

**vs.**                                 **No. CIV 05-0095 JP/LFG**

**SEAN HIGDON, an Officer of the
Albuquerque Police Department,
Individually,**
          **Defendant.**

**PLAINTIFF'S SPECIAL INTERROGATORIES AND
PROPOSED VERDICT FORM ON DAMAGES**

**QUESTION 1**: Do you find that Plaintiff has proven by a preponderance of the evidence that he suffered damages as a result of the violation of his Constitutional rights by Defendant? If yes, proceed to compensatory damages, below. If not, proceed to nominal damages. Do **NOT** award both nominal and compensatory. Your award must be for one or the other.

> **COMPENSATORY DAMAGES**
> We award Plaintiff $_____ in compensatory damages.
>
> Signed by _____ (JURY FOREPERSON)
> (Skip "NOMINAL DAMAGES" and Proceed to Question 2);
>
> **NOMINAL DAMAGES**
> We award Plaintiff $**1.00** in nominal damages.
>
> Signed by _____ (JURY FOREPERSON)
> (Proceed to Question 2);

**QUESTION 2**: With respect to either of the claims against Defendant, do you find that the conduct of Defendant was malicious, willful, reckless, or wanton?
Yes _____ No _____ (Please mark one or the other).

If your answer is "**No**," please sign and date the verdict form at the bottom of this page. If your answer is "**Yes**," state the total amount of punitive damages, if any, that you find needs to be awarded to punish Defendant and deter others from the commission of like offenses (and then sign and date the verdict form at the bottom of this page):

$_____.

_____    _____
JURY FOREPERSON                                                    DATE