**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**DANNY MANZANARES,**

    **Plaintiff,**

**vs.**          **No. CIV 05-00095 JP/LFG**

**SEAN HIGDON, an Officer of the
Albuquerque Police Department,
Individually,**

    **Defendant.**

### PLAINTIFF'S AMENDED MOTION FOR ATTORNEYS' FEES AND EXPENSES (CAPTION CORRECTED)

   Plaintiff, Danny Manzanares, hereby moves this Court to award reasonable and necessary attorney's fees, expenses, and New Mexico Gross Receipts tax incurred to date in the above captioned case to his attorneys, Dennis W. Montoya, MONTOYA LAW, INC., and Arlon. L. Stoker for the reasons that follow:

   1.  The instant case was heard by a no less than four juries. When the final trial completed, the jury rendered a verdict in favor of Plaintiff in the amount of $200,384.00. See Docket No. 160.

   2.  This Court subsequently entered a Judgment against Defendant and in favor of Plaintiff on December 11, 2009, which reflected the jury's verdict. See Docket No. 153.

   3.  Throughout this litigation, Defendant refused to make any offer of settlement—even that of a "nuisance value" offer. This is because the fiduciary—the City of Albuquerque—made the absurd decision to refuse to settle **any** cases alleging police misconduct. The mere fact that Defendant unreasonably rejected the possibility of any settlement should be a factor that the Court considers in finding that the fees sought by Plaintiff are reasonable.

4.      Furthermore, the result achieved by Plaintiff—a verdict for more than $200,000.00 can fairly be said to be an exceptional result.

5.      Defendant was represented by an experienced attorney who has tried many cases. The litigation throughout this case was thorough and aggressive. This litigation necessitated substantial attorneys' fees and expenses.

6.      The verdict rendered by the jury in favor of Plaintiff demonstrates that Plaintiff is the prevailing party in this action and therefore entitled, pursuant to 42 U.S.C. § 1988, to their reasonable and necessary attorneys' fees, expenses[1], and applicable gross receipts tax, to date.

7.      This motion is timely filed based on the Court's Order extending the time in which to file plaintiff's fee application until February 8, 2010. See Docket No. 165.

8.      The time and expenses which form the basis for Plaintiff's request were reasonably and necessarily incurred by plaintiff's counsel and thus are compensable pursuant to 42 U.S.C. § 1988.

9.      Plaintiff seeks attorney's fees in this case for Dennis W. Montoya in the amount of $267,655.41 as well as $20,622.34 in paralegal fees for work performed by third-year law student Brandon Cummings (including New Mexico Gross Receipts Tax – Bernalillo County/Albuquerque). See Exhibits 1 and 2 to this Motion.

10.     Plaintiff further seeks attorney's fees in this case for Arlon L. Stoker in the amount of $243,772.75 as well $22,683.46 in paralegal fees for work performed by Monica

---

[1] Plaintiff may file separately his Bill of Costs. Plaintiff raises by way of the instant motion and in his Bill of Costs alternative bases for the recovery of certain expenses sought herein which are also allowable as statutory costs under 28 U.S.C. § 1920. Plaintiff expressly states that he does not seek a double recovery of any such overlapping costs and expenses. For a brief discussion regarding the costs allowable under § 1920 and expenses recoverable by a prevailing party under § 1988. See *Jane L. v. Bangerter*, 61 F.3d 1505, 15 17 (10th Cir. 1995); also *Brown v. Gray*, 227 F.3d 1278, 1297-98 (10th Cir. 2000).

Nagl (including New Mexico Gross Receipts Tax – San Juan County). See Exhibits 1 and 2 to this Motion.

11.     Defendant does not concur in this motion and accordingly, pursuant to the local rules of this Court, Plaintiff's memorandum brief in support of this motion is filed herewith.

12.     In support of this Motion, the following exhibits are attached to Plaintiff's Attorneys' Joint Memorandum in Support of their Respective Motion For Attorneys' Fees and Expenses:

a.   Exhibit 1: Timesheet for Dennis W. Montoya;

b.   Exhibit 2: Timesheet for Dennis W. Montoya's contract paralegal, Brandon Cummings;

c.   Exhibit 3: Affidavit of attorney Philip Davis attesting to Dennis W. Montoya's rate and skill;

d.   Exhibit 4: Affidavit of Dennis W. Montoya;

e.   Exhibit 5: Timesheet for Arlon L. Stoker;

f.   Exhibit 6: Timesheet for Arlon L. Stoker's paralegal, Monica Nagl;

g.   Exhibit 7: Affidavit of attorney Joe M. Romero, Jr., attesting to Arlon L. Stoker's rate and skill; and

h.   Exhibit 8: Affidavit of Arlon L. Stoker.

**WHEREFORE**, Plaintiff respectfully request that this Court grant the relief sought herein.

Respectfully submitted,
**MONTOYA LAW, INC.**

**/s/**

By:   _____

Dennis W. Montoya
Attorney for Plaintiff
P.O. Box 15232
Rio Rancho, NM 87174

(505) 246-8499
(505) 246-8599 facsimile

I hereby certify that a true and correct copy
of the foregoing pleading was delivered to
opposing counsel, on February 8, 2010 via
the Court's CM/ECF electronic filing and
document delivery service.

**/s/**

_____

Dennis W. Montoya