IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DANNY MANZANARES,

    Plaintiff,

vs.                                    Civ. No. 05-0095 JAP/LFG

SEAN HIGDON, an Officer of the
Albuquerque Police Department,
Individually,

    Defendant.

### AFFIDAVIT OF PHILIP B. DAVIS

STATE OF NEW MEXICO    )
                                  ) ss.
COUNTY OF BERNALILLO    )

    I, Philip B. Davis, being duly sworn and upon my oath state and depose as follows:

    1.    I am an attorney licensed to practice law in the State of New Mexico since 1978 and before the United States District Court for the District of New Mexico, the Seventh and Tenth Circuit Courts of Appeals and the United States Supreme Court.

    2.    Based on the several cases I have handled before it over the past twenty years, this Court is familiar with my experience and expertise in both civil rights and attorneys' fee litigation.

    3.    I have handled numerous attorneys' fees litigations under 42 U.S.C. § 1988 and related fee statutes. I have been retained in more than three dozen cases solely to represent successful plaintiffs' counsel in obtaining a fee award. I was fee counsel for plaintiffs in <u>Duran v. Johnson</u>, No. CIV 77-721-JC. <u>See</u> <u>Duran v. Carruthers</u>, 885 F.2d 1492 (10th Cir. 1989). I am also fee counsel as

well as a member of the litigation team in <u>Jackson v. Ft. Stanton Hospital and Training School</u>, 757 F. Supp. 1243 (D.N.M. 1990), *rev'd in part on other grounds*, 964 F.2d 980 (10th Cir. 1992), and was fee counsel as well as a member of plaintiffs' litigation team in <u>ACLU v. Johnson</u>, 4 F. Supp.2d 1024 and 1029 (D.N.M. 1999), *aff'd*, 194 F.3d 1149 (10th Cir. 2000). I routinely consult on attorneys' fees issues with other members of the civil rights bar and successful plaintiffs' civil rights attorneys in New Mexico and elsewhere in the United States, including the National Office and various state affiliate offices of the ACLU.

    4.     I have lectured on attorneys' fees litigation on a regular basis over the years to numerous lawyers' associations on both sides of the bar.

    5.     I have been qualified and testified as an expert on attorneys fees in both the state and federal courts of New Mexico.

    6.     I have been retained by mutual agreement of counsel for the parties to arbitrate attorneys' fee disputes in fee award generating litigation. On a regular basis, I am paid my standard hourly rate by New Mexico attorneys to consult on the issue of attorneys' fees and expenses.

    7.     In addition to my having been qualified to testify as an expert on attorney fees, I have also filed numerous affidavits in both the state and federal courts on behalf of attorneys seeking fees under fee-shifting statutes and the New Mexico federal district judges have acknowledged my expertise in civil rights law as well as in the law of attorneys' fees for more than 20 years. See e.g., <u>Lewis v. New Mexico Dept. of Health, et al.</u>, No. CIV 99-0021 MV/JHG (Mem. Op. and Order, 1/5/05) (Doc. No. 230), at 19 (identifying Davis as "an expert on attorneys fees in this state and fee counsel in this case"); <u>Martinez v. Jennings</u>, No. 85-1291-M Civil (Mem. Op. and Order, July 11, 1988), at 6

("Rosenstock and Rothstein hired Phil Davis, expert in civil rights and in § 1988 fee litigation, to pursue this [fee] application").

8. Based on my substantial involvement as fee counsel in a number of fee award litigations, and because of federal congressional recognition that civil rights litigation is comparable in complexity to other complex federal litigation such as securities and antitrust cases, I am familiar with contemporary market rates for lawyers in New Mexico involved in litigation of all sorts, including federal securities and antitrust work, complex commercial litigation and civil rights work.

9. Since June 1983, I have served as a Co-Legal Director of the American Civil Liberties Union of New Mexico. As a Legal Director, I have direct knowledge of the extremely limited and increasingly smaller pool of attorneys statewide willing and able to represent plaintiffs in civil rights litigation.

10. It is my opinion that the hourly rate sought by Plaintiff's counsel Dennis Montoya in this case – $250 – is fair and reasonable. This rate is within the range of market rates for lawyers of comparable skill and experience in the New Mexico legal community.

11. I base my judgment in this regard on my personal knowledge both of Plaintiff's counsel's skill and experience and the current prevailing hourly rates in the New Mexico legal community. I am aware that Mr. Montoya has nearly twenty-five years' experience as an attorney. His prior experience as this Court's pro se law clerk, as well as his stints in the public defender's office and at New Mexico Legal Aid early in his legal career, demonstrate his long term commitment to those in our community who are underserved by the legal profession and who so often are the plaintiffs in civil rights litigation involving allegations of police misconduct such as this case in which Mr. Montoya has

now achieved success for his client. And I view his tenacity and commitment to his client in this case which wound its way up and down from this court to the court of appeals and required multiple trials before Mr. Montoya finally achieved that success for his client, as an example of the highest tradition of the bar in regard to a lawyer's obligation to act zealously for his client.

12. I base my opinion also on the hourly rates set by the federal courts in New Mexico in other fee award opinions for lawyers of comparable skill and experience to Mr. Montoya which compare favorably to the rate sought by Plaintiff's counsel here. See e.g., Ortega v. Brokop, Civ. No. 04-0262 BB/RHS (Order, 12/28/05) (Doc. 44) (adopting magistrate judge's 11/8/05 recommendation (Doc. 35), at 3 (recommending fees to Farmington attorney Victor Titus of $275 per hour)); Chavez v. Baca, Civ. No. 04-571 JCH/RHS (Mem. Op. and Order, 3/13/07) (Doc. 201) (awarding Santa Fe attorneys Linda Hemphill and Susan Weckesser $250 per hour in employment case); Kee v. Smith, No. CIV 02-1243 JH/RHS (Mem. Op. and Order, 10/21/06) (Doc. 139) (awarding Ray Twohig $250 per hour in police misconduct civil rights case), *rev'd on other grounds sub nom.* Kee v. Ahlm, No. 06-2088 (10th Cir. 3/2/07); Kelley v. City of Albuquerque, 2005 WL 3663515 (D.N.M. 2005) (Browning, J.) (in awarding requested $250 per hour to Albuquerque attorney Steve Sanders, court states own experience before being appointed to bench in 2003 that several members of complex commercial litigation bar billed at rates of $250 and $275 including his own partner); Nieto v. Kapoor, No. CIV 96-1225 MV/JHG (Mem. Op. and Order, 6/12/01), at 12 (awarding Roswell attorney Tandy Hunt $250 per hour in civil rights employment case); Huerta v. City of Santa Fe, Civ. No. 01-968 RLP/DJS (Mem. Op. and Order, 3/12/03) (awarding Albuquerque attorney Eric Sirotkin $240 in police excessive force case); Payton-Huebner v. City of Roswell, No. CIV 01-1233 WJ/LCS (Mem.

Op. and Order on Plaintiff's Amended Motion for an Award of Attorneys' Fees, 2/6/03), at 2-3 (awarding Albuquerque attorney Lorenzo Tapia $250 per hour in civil rights employment case); Cochran v. Banyan, Inc., CIV No. 01-0358 JP/RLP (Mem. Op. and Order, 3/7/02) (awarding Albuquerque attorney Maureen Sanders $225 per hour in employment case); Baldonado v. New Mexico State Hwy. and Transp. Dept., No, CIV 99-366 JC/LCS (Order, 12/20/01) (awarding Richard Rosenstock $265.00 per hour in civil rights employment case).

_____
PHILIP B. DAVIS

SUBSCRIBED AND SWORN TO before me this 29th day of December, 2009 by Philip B. Davis, Esq.

_____
NOTARY PUBLIC

My Commission Expires:

3-9-2012

(C:\CF\PBD\montoya.dennis.aff.1209.wpd)

5