# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**DANNY MANZANARES,**
       **Plaintiff,**

**vs.**                           **No. CIV 05-00095 JP/LFG**

**SEAN HIGDON, an Officer of the**
**Albuquerque Police Department,**
**Individually,**
       **Defendant.**

### AFFIDAVIT OF DENNIS W. MONTOYA IN SUPPORT OF FEE PETITION

**STATE OF NEW MEXICO** )
                           ) ss.
**COUNTY OF BERNALILLO** )

    I, Dennis W. Montoya, being duly sworn and upon my oath state and depose as follows:

    1.    I am competent to make this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

    2.    I have been licensed to practice law in the state of New Mexico for 24 years. My usual and customary hourly rate is $250.00 per hour.

    3.    I am an active member of the New Mexico bar. I earned a Bachelor of Science degree from New Mexico Highlands University in 1981. I earned my Juris Doctorate from the University of New Mexico School of Law in 1985, and served as a Staff Member of the New Mexico Law Review there. I had also attended the University of Washington School of Medicine in Seattle, Washington, from 1975 to 1978.

4. I was admitted to the New Mexico State Bar in October of 1985 and was employed as a Reginald Heber Smith Fellow by the Legal Aid Society of Albuquerque in Albuquerque, New Mexico, both while I was awaiting the results of my bar examination and after I was admitted to the bar.

5. During the period of time that I was employed by the Legal Aid Society of Albuquerque, I was informed that I was a winner of the New Mexico Trial Lawyers Writing Competition for an article that I had written on Bystander Liability under Ramirez vs. Armstrong. The recognition carried with it a cash award.

6. In late 1986 I was hired to serve on the Prehearing Division Staff of the New Mexico Court of Appeals, where I served from 1986 until sometime in 1988.

7. Wishing to gain trial experience, I applied for and was hired by the Felony Division of the Albuquerque Public Defender's Office, where I served for about a year and tried several cases. One of those cases resulted in the suppression of evidence and dismissal of charges against my client. The suppression ruling was appealed, and I briefed the case on appeal, resulting in the New Mexico Court of Appeals upholding the lower court in an opinion that created Search and Seizure law in the State of New Mexico. *State vs. John Lopez*, No. 10800, Court of Appeals of New Mexico, 109 N.M. 169; 783 P.2d 479; 1989 N.M. App. LEXIS 87, April 13, 1989, *Certiorari Quashed* November 19, 1989. Trial and appeal of search and seizure issues was key to prevailing in the case at bar on behalf of Plaintiff Danny Manzanares. The fact that I have been involved in such cases for over twenty years was very beneficial to the plaintiff here.

8. Beginning in 1988, I worked as a Deputy District Attorney and Senior Trial Prosecutor in the Fourth Judicial District, State of New Mexico, serving San Miguel, Mora and Guadalupe counties. I tried many cases to conclusion in that capacity;

9. In 1990, I was hired to serve as Staff Attorney/Pro Se Law Clerk for the United States District Court for the District of New Mexico, serving in that capacity until 1992, when I accepted a position as a contract consultant for Checchi and Company Consulting, Inc., working under contract to the United States Agency for International Development (USAID) and the government of the Republic of Panama as Court Administration Specialist for the Panama Improved Administration of Justice Project. I lived with my wife and infant daughter in the Republic of Panama, working in that capacity until the end of 1995, when the project ended and we returned home to New Mexico;

10. I established my private practice in Albuquerque, New Mexico, in January of 1996 and have continuously been engaged in the private practice of law since that time, practicing around the State of New Mexico and before the United States District Court for the District of New Mexico in both civil plaintiff's work and criminal defense matters, and taking many appeals to the United States Court of Appeals for the Tenth Circuit, and some to the New Mexico Court of Appeals and the New Mexico Supreme Court;

11. A sampling of cases in which undersigned has served as counsel include the following: ***Pallotino v. City of Rio Rancho***, No. 08-2258, United States Court of Appeals for the Tenth Circuit, 2009 U.S. App. Lexis 22940, October 20, 2009 (United States District Court for the District of New Mexico reversed and case remanded in favor

of undersigned's client – case involves search and seizure and excessive force issues; *Fisher v. City of Las Cruces*, No. 07-2294, United States Court of Appeals For The Tenth Circuit, 2009 U.S. App. LEXIS 22825, October 19, 2009, case reversed and remanded in favor of undersigned's client, case involves excessive police force issues; *Manzanares v. Higdon*, No. 07-2156, United States Court of Appeals For The Tenth Circuit, 575 F.3d 1135; 2009 U.S. App. LEXIS 17817, August 10, 2009 (the case at bar); *Cardenas v. Fisher*, No. 08-2036, United States Court Of Appeals For The Tenth Circuit, 307 Fed. Appx. 122; 2009 U.S. App. LEXIS 245, January 7, 2009, denial of qualified immunity affirmed in favor of undersigned's client, case involves search and seizure and excessive force issues; *Mondragon v. Thompson*, No. 06-2358, United States Court of Appeals For The Tenth Circuit, 519 F.3d 1078; 2008 U.S. App. LEXIS 5147, March 10, 2008, case reversed and remanded in favor of undersigned's client, case involves wrongful detention; *United States v. Summers*, No. 04-2121, No. 04-2195, United States Court of Appeals For The Tenth Circuit, 414 F.3d 1287; 2005 U.S. App. LEXIS 14823; 67 Fed. R. Evid. Serv. (Callaghan) 1030, July 21, 2005 (case involves sufficiency of the evidence).  All of the foregoing were helpful in representing Mr. Manzanares to a successful conclusion of the trial on damages.

12. I have lost track of exactly how many cases I have tried to conclusion. I have been trying cases since 1984, when as a law student I tried one or more cases in the Metropolitan Court as a student participant in the University of New Mexico School of Law's clinical law program. I estimate that I have tried more than 200 civil and criminal cases to conclusion. I have provided legal representation in over five times that number of cases.

13. I have received Lexis/Martindale-Hubbell's "Distinguished" rating as a result of my years of experience and performance as an attorney.

14. I believe that both my years of experience and my skill as a trial lawyer entitle me to the hourly rate that I seek herein. I believe that my skill and experience in prosecuting civil rights cases, which this Court had the opportunity to observe first hand. For the Court's reference, I have provided an affidavit from attorneys Phil Davis and Brad Hall attesting to the reasonableness of my fee request.

15. Furthermore, I believe that the degree of success in this case, despite the fact that no settlement offer was ever made, weighs in favor of my requested award. I also believe that the result of this case goes beyond a simple damages award. The delay in achieving justice in this case, which took more than seven years from the date of the incident to the date of the jury's verdict, also weights in favor of my requested fee award.

16. I have decided not to seek remuneration for numerous costs that are usually passed on to clients, such as copying and faxing expenses, in an effort to utilize billing judgment and present the Court with a fair remuneration request.

17. Moreover, I have not charged for any work that I believed might have been duplicative or unnecessary. I believe that I have lined out (not charged) or not included up to 30% of the time that I spent on this case.

18. I also seek compensation as well for a contract paralegal's time, Mr. Brandon Cummings. Mr. Cummings has more than eight years of experience in assisting with the preparation and presentation of civil cases. He specializes in civil rights and complex cases. He received a B.A. in Criminology from the University of New Mexico in 2003 and was previously a member of the paralegal division of the State Bar. He is at

present a third year law student at the University of New Mexico School of Law and is a member of the law student division of the State Bar. His office is separate from mine and he is responsible for all of the overhead and support costs associated with his work. He presently serves as the American Bar Association representative of the UNM School of Law. He is a member of the Inns of Court, the ABA, and the AAJ. The rate of $105 per hour that I seek for this paralegal is at or below the range of rates charged in the New Mexico market for comparable paralegals and law clerks. See *e.g*. *Lewis,* supra at 13 (awarding $85 per hour for law clerks); *Hitson v. First Savings Bank*, No. CIV 01-0966 LCS/KBM-ACE (Mem. Op. and Order, 1/10/03), at 5 (awarding $75 per hour for paralegal); *Johnson v. State*, 2000 WL 303305, at *6 (D.R.I. Mar. 22, 2000) ($50 toward low end of hourly rates for paralegal).

**FURTHER AFFIANT SAITH NAUGHT.**

        **(ORIGINAL SIGNED BY)**
        _____
        Dennis W. Montoya

**SUBSCRIBED AND SWORN TO** before me this 25th day of January, 2010, by Dennis W. Montoya

        **(ORIGINAL SIGNED BY)**
        _____
        Notary Public

My Commission Expires:

_____