IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**DANNY MANZANARES,**
    **Plaintiff,**

vs.            No. CIV 05-00095 JP/LFG

**SEAN HIGDON, an Officer of the
Albuquerque Police Department,
Individually,**
    **Defendant.**

## PLAINTIFF'S AMENDED MEMORANDUM BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND EXPENSES (CAPTION CORRECTED)

  Plaintiff, Danny Manzanares, through his attorney Dennis W. Montoya, MONTOYA LAW, INC., and Arlon L. Stoker, hereby files his Brief in Support of his Motion for Attorney's Fees and Expenses for Attorney Dennis W. Montoya and Attorney Arlon L. Stoker and respectfully requests that this Court grant this motion for the reasons that follow.

**BACKGROUND**

  After four trials and an appeal to the 10th Circuit, which resulted in the reversal of an erroneous jury verdict and erroneous prior rulings by the District Court, Plaintiff Danny Manzanares was awarded $50,384 in compensatory damages and $150,000 in punitive damages for the willful violation of his civil rights by Defendant APD Officer Sean Higdon. In addition, it should be noted that Defendant never offered to settle for anything, much less a reasonable amount. Plaintiff therefore respectfully requests that this Court award undersigned counsel their reasonable fees in the prosecution of this matter[1].

---

[1] In an effort to avoid "second major litigation" in his fee request Plaintiff has endeavored to provide this Court only with the information necessary to allow it to resolve the instant claim for attorneys' fees and expenses. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). *cf. Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1256-57 (10th Cir. 1998). Plaintiff does incorporate by reference her Rule 54 Cost Bill and request that any monies disallowed by the Clerk be allowed by the Court as § 1988 costs.

**I. FEES AND EXPENSES REQUESTED**

Plaintiff seeks recompense for undersigned counsel, Dennis W. Montoya's fees in the amount of $267,655.41 as well as $20,622.34 in paralegal fees for work performed by third-year law student Brandon Cummings (including New Mexico Gross Receipts tax[2]), and $243,772.75 for counsel Arlon L. Stoker as well as well as $22,683.46 for paralegal work performed by Monica Nagl, as set forth below.

**II. PLAINTIFFS ARE PREVAILING PARTIES AND ARE ENTITLED TO FEES**

The Court's discretion in awarding fees to a prevailing party[3], such as Plaintiff, is narrow. *Robinson v. City of Edmond*, 160 F.3d 1275, 1280 (10th Cir.1998). Tenth Circuit precedent establishes that "when a plaintiff prevails in a civil rights suit, the plaintiff ordinarily should not have his vindication of these rights eviscerated by an obligation to pay his attorney's reasonable fees." *Id*.; also *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) ("a prevailing plaintiff should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.")(citation omitted); *Homans v. City of Albuquerque*, 264 F.Supp.2d 972, 976 (D.N.M., 2003); 42 U.S.C. § 1988(b). Accordingly, pursuant to 42 U.S.C. § 1988 and the Judgment of this Court, Plaintiff is entitled to an award of reasonable attorneys' fees and expenses that were reasonably and necessarily incurred by his counsel in the successful prosecution of this case.

---

[2] For the award of gross receipts tax at the rate in effect at the time the award as part of fees. *Ramah Navajo Chapter v. Babbitt*, 50 F. Supp.2d 1091, 1109 (D.N.M. 1999); *O'Neal v. Ferguson Construction Co*., 35 F. Supp.2d 832 (D.N.M. 1999).

[3] The Judgment entered in this case rendered Plaintiffs the "prevailing parties" for purposes of an award of attorneys' fees and expenses.

**III. ATTORNEYS' FEE AWARD FACTORS**

After the Court determines that a plaintiff was the prevailing party, the Court must determine the reasonableness of the plaintiff's fee request. In order to make this determination, the court first must calculate the lodestar amount of a fee. See, *Case*, 157 F.3d at 1249. The lodestar amount is determined by multiplying the number of attorney hours reasonably expended by a reasonable hourly rate. *Id*. A plaintiff "is entitled to the presumption that this lodestar amount reflects a 'reasonable' fee." *Robinson*, 160 F.3d at 1281. Accordingly, "'[o]nce an applicant for a fee has carried the burden of showing that the claimed rate and number of hours are reasonable, the resulting product is presumed to be a reasonable fee as contemplated by Section 1988.'" *Id*. The court is not charged with the task of identifying and justifying "every hour allowed and disallowed, as doing so would run counter to the Supreme Court's warning that a 'request for attorney's fees should not result in a second major litigation.'" *Ellis v. University of Kansas Med. Center*, 163 F.3d 1186, 1202 (10th Cir.1999) (citations omitted); *Homans v. City of Albuquerque*, 264 F. Supp.2d 972, *976 -977 (D.N.M.,2003).[4]

**IV. HOURS REASONABLY AND NECESSARILY SPENT**

Plaintiffs also bear the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks. *Case v. Unified School Dist. No. 233*, 157 F.3d 1243, 1250 (10th Cir. 1988).

---

[4] See also, Gudenkauf v. Stauffer Communications, Inc., 158 F.3d 1074, 1082 (10th Cir. 1998); Ramos v. Lamm, 713 F.2d 546 (10th Cir. 1983), abrogated on other grounds by Pennsylvania v. Delaware Valley Citizens' Council for Clean Air (Delaware Valley II), 483 U.S. 711 (1987); Hensley v. Eckerhart, 461 U.S. 424 (1983); Blum v. Stenson, 465 U.S. 886 (1984); New Mexico Citizens for Clean Air and Water v. Espanola Mercantile Co., No. CIV 92-1413 JC/RWM, Mem. Op. (10/20/94), at 3, rev'd on other grounds, 72 F.3d 830 (10th Cir. 1996). See Nieto v. Kapoor, CIV No. 96-1225 MV/JHG (Mem. Op. and Order, 8/27/02) (Doc. 460), at 3.

Furthermore the plaintiff's attorneys must show that they have exercised "billing judgment," which means making a "good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Ellis*, 163 F.3d at 1202 (citations omitted). *Homans v. City of Albuquerque*, 264 F. Supp.2d 972, 977 (D.N.M.,2003). In this case, undersigned counsel has attached an affidavit and his time sheet to provide the Court with his time records to document the efforts taken to prosecute this case. See attached, Exhibits 1, 2, 5 and 6: Timesheets for Dennis W. Montoya, Arlon L. Stoker, Brandon Cummings and Monica Nagl.

Additionally, as can be seen from the time sheets attached, undersigned counsel has exercised judicious billing judgment and has not billed for expenses that may be deemed excessive, duplicative or which were not meticulously recorded. Undersigned counsel has not billed for work that was exclusively done on the case against the City of Albuquerque (currently on appeal). Undersigned counsel respectfully request that this court find that counsels' billing records and corresponding affidavit satisfy the Court that the hours counsel reflected were in fact reasonable and necessary to perform the tasks described.

In reviewing the time records and costs expended in this case, Plaintiff's counsel respectfully requests that this Court consider that no reasonable offers to settle—indeed no offers whatsoever—were made to Plaintiff. *City of Riverside v. Rivera*, 477 U.S. 561, 580-81 n.11 (1986) (defendants "could have avoided liability for the bulk of the attorney's fees for which they now find themselves liable by making a reasonable settlement offer in a timely manner.") "The government cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the plaintiff in response." *Copeland v. Marshall*, 641 F.2d 880, 904 (D.C. Cir. 1980) (en banc), *quoted with approval*, *City of Riverside*, 477 U.S. at 580-81 n.11. See also

*Lipsett v. Blanco*, 975 F.2d 934, 941 (1st Cir. 1992). Additionally, undersigned counsel would request that this Court consider the importance of trying this case given the new law that resulted from the appeal to the 10th Circuit.

## V. MARKET RATES AND PREVIOUS FEE AWARDS

Once the reasonable number of hours has been calculated, the court must decide upon a reasonable hourly rate. A reasonable hourly rate "is the prevailing market rate in the relevant community." *Ellis*, 163 F.3d at 1203 (citations omitted). The prevailing market rate is "the price that is customarily paid in the community for services like those involved in the case at hand." *Id*. (citations omitted); also *Ramos*, 713 F.2d at 555 ("the court should establish...a billing rate for each lawyer based upon the norm for comparable private firm lawyers in the area in which the court sits.") Accordingly, Plaintiff also carries the burden of proving that the "requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Ellis*, 163 F.3d at 1203 (citations omitted). Plaintiff can meet this burden by presenting "sworn affidavits that the market command[s] an Attorney's hourly rates at a certain level." *Id*. at 1204. The district court is constrained to award rates compatible with such evidence of the market. *Id*.; *Homans v. City of Albuquerque*, 264 F.Supp.2d 972, *977 (D.N.M.,2003).

The trial court "can best assess the experience and skill of attorneys..." *Mary Beth v. City of Chicago*, 723 F.2d 1263, 1281 (7th Cir. 1983). In this case, Dennis W. Montoya and Arlon L. Stoker each seek an hourly rate of $250.00 per hour. Undersigned counsel are willing to accept this Court's judgment as to a reasonable hourly rate.

In support of undersigned counsels requested rate, Plaintiff's counsel files their individual affidavits as well an affidavit from Joe M. Romero (for Arlon L. Stoker) and the affidavit of Philip Davis, an attorney who has demonstrated expert knowledge as to the local market rates normally charged for federal litigation such as the one at hand (for Dennis W. Montoya).

Congress' findings and policy behind enactment of § 1988 expressed its understanding that federal civil rights litigation was similarly complex to antitrust and securities litigation and entitled to compensation accordingly. "As originally envisioned by Congress, civil rights attorneys were to be paid on a par with commercial lawyers." *Robinson v. Alabama State Dept. of Ed.*, 727 F. Supp. 1422, 1427 n.14 (M.D. Ala. 1989).

The Senate Report, S.Rep. No. 94-1011, 94th Cong., 2nd Sess., reprinted in [1976] U.S. Code Cong. and Admin. News 5908, indicates that Congress intended that courts award, generally, the highest rate charged in the area for complex antitrust and commercial litigation: "It is intended that the amount of fees awarded under S.2278 [42 U.S.C. § 1988] be governed by the same standards which prevail in other types of equally complex Federal litigation, such as antitrust cases... ." S.Rep. at 6, [1976] U.S. Code Cong. and Admin. News at 5913. Martino v. Carey, 568 F. Supp. 848, 850 (D. Or. 1983) (emphasis omitted).

**VI. DEGREE OF SUCCESS**

Plaintiff prevailed at trial. She obtained a finding that Defendant violated her right to be free from unlawful search. The amount of damages awarded to her in compensation for the violation of his federal constitutional rights was not nominal or insubstantial. See *e.g.*, *Stefan v. Laurenitis*, 889 F.2d 363, 369 (1st Cir. 1989) ($16,000 settlement not *de minimis* and may deter future wrongful conduct); *Davis v. Locke*, 936 F.2d 1208 (11th Cir. 1991) (citing deterrent value

of $3,500 award in prisoner's civil rights case as basis for fully compensatory attorneys' fee award).

Undersigned counsel has charged for some efforts related to the claims upon which Plaintiff did not succeed because those activities were inextricably linked to the claim upon which Plaintiff succeeded. "Much of counsel's time will be devoted generally to the litigation asa whole, making it difficult to divide the hours expended on a claim-by-claim basis." *Hensley v. Eckerhart*, 461 U.S. at 435. In such cases, if the successful and unsuccessful claims arise from a common core of facts, and the Court finds that work done on an unsuccessful claim was necessarily undertaken in furtherance of a successful claim or is inextricably liked with it and cannot be segregated out, compensation should be awarded for such time. *Id; also Robinson v. City of Edmond*, 160 F.3d 1275, 1283-84 (10th Cir. 1998), *citing Hensley, supra*; *Jane L.*, 61 F.3d at 1512, and quoting from *Tidwell v. Fort Howard Corp.*, 989 F.2d 406, 412-13 (10th Cir. 1993). It is not "necessarily significant that a prevailing plaintiff did not receive all of the relief requested if the relief obtained justified that expenditure of attorney time." *Hensley*, 461 U.S. at 435 n. 11.

"The result is what matters." Hensley, supra. Here, "the result" is that Plaintiff succeeded in having his constitutional rights vindicated, which was the primary relief he sought in the lawsuit. Plaintiff is entitled to a full compensatory attorneys' fee based on the reasonable and necessary time spent prosecuting his claim to a successful result.

**VII. ATTORNEYS' OUT-OF-POCKET EXPENSES**

An attorney's fee award also should include reasonable expenses incurred in representing a client so long as "such expenses are usually billed in addition to the attorney's hourly rate." Case, 157 F.3d at 1257. In order to recover such expenses, the plaintiff's attorneys must establish "the amount of compensable expenses to which they are entitled." *Id*. at 1257-58; *Homans v. City of Albuquerque*, 264 F.Supp.2d 972, *977 (D.N.M.,2003). *Ramos v. Lamm*, 713 F.2d at 559-60 (photocopying, postage, telephone, etc.). "The Act [42 U.S.C. §1988] essentially shifts the costs of litigation from the victim to the violator." *Spell v. McDaniel*, 616 F. Supp. 1069, 1113 (E.D.N.C. 1985), *aff'd in part, vacated in part on other grounds*, 824 F.2d 1380 (4th Cir. 1987), *cert. den. sub nom. City of Fayetteville v. Spell*, 484 U.S. 1027 (1988). Such expenses are routinely found by the New Mexico federal district courts to be compensable in civil rights cases, in line with applicable precedent from the Tenth Circuit. See *e.g*., *Harrison v. Eddy Potash, Inc*., Civ. No. 94-691 JP/WWD (Mem. Op. and Order, 2/8/02), at 10-11 *citing, inter alia, Sussman v. Patterson*, 108 F.3d 1206, 1213 (10th Cir. 1997); *Nieto v. Kapoor*, No. CIV 96-1225 MV/JHG (Mem. Op. and Order, 6/12/01), at 7-8, *quoting Clay v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1257 (10th Cir. 1998) ("Reasonable expenses incurred in representing a client in a civil rights case should be included in the attorneys' fee award if such expenses are usually billed in addition to the attorney's hourly rate").

Additionally, it is well established that fees for work done by support personnel such as legal assistants and investigators, which work is billed at lower rates than attorneys' services, at a savings to the client, or in fee-shifting circumstances, to the opponent, is a compensable litigation expense under 42 U.S.C. § 1988. *Nieto, supra* (Mem. Op. and Order, 6/12/01) (Doc. 397) at 7-8 (litigation expenses include expense of paralegal and/or investigatory work).

Included in undersigned counsel's costs statement is billed amounts for paralegal work performed by Brandon Cummings and Monica Nagl. Mr. Cummings is an experienced litigation paralegal and former member of the paralegal division of the New Mexico State Bar Association. He is presently a third year law student at the University of New Mexico and he specializes in providing contract support for § 1983 and complex tort cases. His rate is attached and reflect an hourly rate which is less than the rate sought by undersigned counsel. As such, efforts expended by them resulted in a savings to Defendant in this case. As reasonable and necessary litigation expenses, they are compensable under § 1988. Likewise Mr. Stoker's affidavit demonstrates that Monica Nagl's support—particularly given her extensive knowledge of police practices and procedures—was critical to obtaining the outstanding result realized in this case.

The New Mexico federal district courts have routinely followed the teaching of *Sussman* and allowed all such expenses as a part of a §1988 fee award. See *e.g.*, *Saiz v. City of Santa Rosa*, No. CIV 01-1429 JP/LFG (Mem. Op. and Order, 4/28/03), at 6-7 *citing inter alia, Ramos, supra; Juarez v. Elkhorn Operating, Inc.*, No. CIV 00-447 WJ/WWD (Mem. Op. and Order, 12/16/02), at 6-9 (travel expenses, copies, faxes, postage, courier, electronic legal research expenses, long distance phone); *Nieto v. Kapoor*, supra, at 7-8 (same, as well as expense of paralegal and/or investigatory work); *Mitchell v. Moya*, No. CIV 95-0138 MV (Mem. Op. & Order, Jan. 29, 1998), at 10, 15 (same); *Sierra v. Garley*, CIV 94-678-M (Mem. Op. & Order, Feb. 5, 1997), at 5 (same, including deposition costs).

Undersigned counsel notes that they have exercised "billing judgment" and not charged for any photocopying or other office related expenses. Undersigned counsel seeks payment of costs, for the paralegal work done as well as all costs (either pursuant to Rule 54 or §1988).

**CONCLUSION**

Plaintiff's request that this Court find that the attorneys' fees and expenses, plus applicable New Mexico gross receipts tax at the rate in effect at the time of the Court's award of attorneys' fees and expenses, sought are reasonable and well supported and should be awarded in its entirety by the Court. Based on the foregoing, Plaintiff respectfully requests this Court award his reasonable attorneys' fees and expenses for his counsel's work in this case to date.

                              Respectfully submitted,
                              **MONTOYA LAW, INC.**

                              **/s/**
By:                          _____
                              Dennis W. Montoya
                              Attorney for Plaintiff
                              P.O. Box 15232
                              Rio Rancho, NM 87174

                              (505) 246-8499
                              (505) 246-8599 facsimile

I hereby certify that a true and correct copy of the foregoing pleading was delivered to opposing counsel, on February 8, 2010 via the Court's CM/ECF electronic filing and document delivery service.

**/s/**
_____
Dennis W. Montoya