**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**DANNY MANZANARES,**

  **Plaintiff,**

**vs.**        **No. CIV 05-00095 JP/LFG**

**SEAN HIGDON, an Officer of the
Albuquerque Police Department,
Individually,**

  **Defendant.**

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO
TAX COSTS AND MOTION FOR ATTORNEYS' FEES AND EXPENSES**

  Defendant Sean Higdon, by and through his attorney, Kathryn Levy, hereby responds in opposition to Plaintiff's Motion to Tax Costs and Motion for Attorneys' Fees and Costs as follows:

**I.**  **INTRODUCTION**

  On January 27, 2005, less than two months prior to the applicable statute of limitations running, Plaintiff filed his ten page complaint entitled Complaint for Civil Rights Violations. The complaint had three substantive claims: Count I: Unlawful Arrest/Detention in Violation of the Fourth Amendment; Count II:  Illegally Remaining in Plaintiff's Home in Contravention to the Fourth Amendment; and Count III: Punitive Damages.  Plaintiff's attorney Dennis W. Montoya has in excess of 24 years of legal experience and his other counsel, Arlon L. Stoker, has in excess of 27 years of experience. Both lawyers claim expertise in the area of civil rights litigation; this expertise has permitted them to seek an hourly rate of $250.00 per hour. Between the two

of them, plus their respective paralegals, they are seeking payment for 2300 hours of legal work for a combined total of $554,733.96. Assuming an average work week of 40 hours per week, 50 weeks per year, the average number of hours worked per year is 2000. Plaintiffs' counsel claim they have worked in excess of a full year on this case between the two of them and their staff; this claim is without foundation, is excessive and violative of the intent of the 42 U.S.C. Sec. 1988. Defendant does not deny Plaintiff was ultimately was the prevailing party, although a jury unanimously found in his favor on March 14, 2007 following three days of trial, including deliberations. Defendant also does not deny that $250.00 per hour is not an unreasonable rate for experienced lawyers as that should indicate that the legal services provided will actually require less time to be performed than would be required of an inexperienced attorney and result in a more reasonable representation of the client. There is absolutely no reason why two experienced attorneys and two paralegals were necessary to present this case to a jury – the case was neither complex nor filled with multiple witnesses. There were no expert witnesses, no difficult evidentiary issues. A reasonable award, including costs, would be less than half of what is being sought by the fee petitioners.

## II.    <u>LEGAL ARGUMENT AND ANALYSIS</u>

The guiding principal in determining attorney's fees is ensuring that the fees awarded are reasonable. The Supreme Court stated the Congressional intent of providing attorneys fees under Sec. 1988 was to ensure "competent counsel" and not to encourage "windfalls" to attorneys:

> In actions to enforce federal civil rights, Sec. 1988 authorizes a court, "in its discretion," to "allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." The legislative history explains that "a reasonable attorney's fee" is one that is "adequate to

attract competent counsel, but ... [that does] not produce windfalls to attorneys." S.Rep. No. 94-10011, p. 6 (1976).

*Blum v. Stenson*, 465 U.S. 886, 896-97 (1984).

An award of attorneys' fees is discretionary with the Court, not a given. Normally a court approaches the issue of reasonable attorneys' fees by finding the lodestar figure "by multiplying the hours plaintiffs' counsel reasonably spent on the litigation by a reasonable hourly rate." *Jane L. v. Bangerter*, 61 F.3d at 1509. At every turn, the calculation is to be guided by reasonableness. As stated above, Plaintiff's counsel has set the bar at 2,300 hours. Defendant respectfully submits this is so unreasonable as to not permit the Court to reasonably begin its consideration by using this approach to establish a lodestar figure. Again, it represents over one year in billing when the two attorneys and their staff's time are combined.

Attorney Montoya seeks 37.7 hours of compensation for work performed in April, 2002. Paralegal Cummins seeks   4.7 hours for that time period. No work is then performed until January, 2005 when the complaint is eventually filed. The data entries are so vague as to not to permit court or counsel to determine if there is any relationship to the suit that was ultimately filed. All of this pre-litigation activity should be denied.

Plaintiff alleges this case was aggressively litigated. There were a total of six depositions taken in this case (total time spent in deposition being less than 10 hours, including the parties' depositions) and two sets of written discovery, one party to the other. The Plaintiff filed a motion for summary judgment which was struck as being untimely and yet Plaintiff seeks not only compensation for preparation of the motion but for defending the motion to strike the untimely filing (May and June, 2006 entries). This

is not the exercise of billing judgment contemplated by the courts in the consideration of an award of fees.

Plaintiff supports his claim for fees by stating this case was tried four times. He and his counsel neglect to advise the Court that the first trial on the merits resulted in a mistrial due to Plaintiff's violation of a pretrial ruling. And yet the attorneys and paralegals seek to be compensated for their trial preparation, trial time and issues surrounding whether to appeal the mistrial ruling. The trial resulting in the mistrial occurred on October 23 and 24, 2006. Plaintiff seeks almost identical compensation for preparing for the trials in October, 2006 and March, 2007. Plaintiff should be not be compensated one dime for any preparation for the October, 2006 mistrial as that cannot be deemed a success permitting an award of fees.

After the case was remanded by the 10th Circuit Court of Appeals, nothing was left but a trial on damages. Two trials were held. As the Court will recall, the first damages trial ended in a mistrial because of Defendant Higdon's medical condition. At that trial only the Plaintiff testified. There was no justifiable reason for two lawyers and two paralegals to be present. At the final trial, three witnesses testified: the Plaintiff, his brother and the Defendant. Again, two lawyers and two paralegals were in attendance. This is duplication in the extreme.

As part of his timesheets and those of his paralegal, Mr. Stoker seeks to be reimbursed at his hourly rate of $250.00 and Ms. Stoker at the rate of $105.00 for travel to and from Farmington, New Mexico. In addition, Plaintiff seeks to recover $2,529.62 for lodging costs. These are not reimbursable costs anticipated by the Courts and should be denied. Given the duplication of activities, it would be nothing short of a windfall for

Plaintiff's counsel to be awarded these costs. They are part of a reasonable overhead and should be disallowed.

The burden is put on the plaintiff's attorneys to establish their entitlement to a fee award by providing to the court "meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks." *Case v. Unified School District No. 223*, 157 F.3d 1243, 1250 (10th Cir. 1998).  The court may reduce the hours awarded if the time records are imprecise, inadequate, or show improper billing (billing for hours that an attorney would not bill to a client). *Id.*  The court may also make reductions to the amount of awarded hours if the claimed hours include time that was "unnecessary, irrelevant and duplicative." *Id.*

The attorneys' timesheets are highly duplicative; two attorneys doing the work required of one. The timesheets of the paralegals are also duplicative of the attorneys. Defendants found numerous examples of duplicative and improper billing.   Duplicative billing occurs when more than one attorney bills for time in which a single attorney could competently complete the task.  *Case,* at 1250.  Here, two lawyers, each claiming a special expertise prepared for the trials identically, even though they had split the assignments of voir dire, opening, closing, jury instructions, etc.

A reasonable recovery of attorney's fees should not include duplicative and improperly billed hours.  While Plaintiff's attorneys have provided records for their requested compensation, such records also demonstrate flaws with timekeeping that call into question the legitimacy of the requested compensation.   In situations where plaintiff's attorneys' timekeeping do not meet the court's standards, the court may make a

"general reduction of hours claimed in order to achieve what the court determines to be a reasonable number." *Case,* at 1250 (quoting *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1203 (10th Cir. 1986)). The records and time entries are so vague as to the activities performed in this case that the Court cannot determine the legitimacy or necessity of the charges being sought.

## III.   <u>CONCLUSION</u>

The fee applicant bears the burden of documenting the hours expended in the case and demonstrating the hours are reasonably related. *Case*, 1249. A judge should approach the issue of reasonableness like a senior partner reviewing the billing of subordinate attorneys. *Robinson v. City of Edmond,* 160 F.3d 1275, 1281 (10th Cir. 1998). The prevailing party must make a good-faith effort to exclude those hours which are excessive, redundant, or unnecessary from their fee request. Even a cursory review of counsels' billing records shows that a substantial number of hours are either duplicative or do not fit the "reasonable related" criteria. Plaintiff has not met his good-faith burden or shown that his counsel have exercised sound billing discretion

WHEREFORE, for the above reasons, Defendant prays this Court to use its discretion by reducing the total amount of compensation requested by Plaintiff's attorneys.

Respectfully submitted:

**CITY OF ALBUQUERQUE**
Robert M. White
City Attorney

/s/ Kathryn Levy

_____

Kathryn Levy
Attorney for Defendant
P.O. Box  2248
Albuquerque, NM 87103
Telephone: (505) 768-4500

I hereby certify that the foregoing was
filed and served via the New Mexico
District Court electronic filing system
to all counsel of record

/s/ Kathryn Levy

_____

Kathryn Levy