IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**DANNY MANZANARES,**
    **Plaintiff,**

vs.            No. CIV 05-00095 JP/LFG

**SEAN HIGDON, an Officer of the
Albuquerque Police Department,
Individually,**
    **Defendant.**

## PLAINTIFF'S REPLY BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND EXPENSES

  Plaintiff, Danny Manzanares, through his attorney Dennis W. Montoya, MONTOYA LAW, INC., and Arlon L. Stoker, hereby files his Reply Brief in Support of his Motion for Attorney's Fees and Expenses for Attorney Dennis W. Montoya and Attorney Arlon L. Stoker and respectfully requests that this Court grant his motion.

## ANALYSIS

  42 U.S.C. § 1983 and its fee-shifting subsection, §1988, seek to encourage attorneys to litigate civil rights violations of this nature. This case is the type of case anticipated by the statutes, involving a member of the public standing up against police abuse of witnesses. However, it is not the type of case on which attorneys would likely have been willing to expend resources to defend this important constitutional concern were it not for the statutes' fee-shifting provisions. These provisions permit attorneys to litigate aggressively and to seek to remedy unlawful behavior.

  Having obtained an excellent result in a hard-fought case, counsel for Plaintiff Danny Manzanares now request a fee commensurate with the risks they undertook, the difficulties and resistance they overcame, and the result they achieved. The award sought by Plaintiff's counsel

is reasonable, justified and should be awarded without reduction. In order to expedite the process of determining fees, Plaintiff will begin by setting out the areas in which Defendant did not disagree with Plaintiff's fee petition.

*I. The Reasonableness of the Hourly Rates Sought is Not Disputed*

Defendant does not dispute that $250.00/hr is a reasonable hourly rate for both attorneys who represented Danny Manzanares, Dennis W. Montoya and Arlon L. Stoker. *See* Defendant's Response at p. 2. Neither does Defendant dispute the hourly rate sought for Attorney Montoya's or Attorney Stoker's paralegals. The hourly rates were all supported by affidavits of others and represent reasonable market rates for attorneys and support staff of equivalent training and knowledge. The Court should therefore find that the hourly rates sought, $250/hr for the attorneys and $105/hr for paralegals, is reasonable.

*II. Defendant Does Not Dispute that Plaintiff is the Prevailing Party*

Before any award of attorneys' fees is appropriate the District Court must determine that the party seeking fees is the "prevailing party." 42 U.S.C. §1988(b); *Farrar v. Hobby*, 506 U.S. 103, 111-23 (1992)(defining "prevailing party" for purposes of 1988(b)). In this case, Plaintiff successfully overturned an erroneously entered adverse verdict and an alternative finding of qualified immunity at the Tenth Circuit Court of Appeals. The Tenth Circuit reversed and remanded the case with instructions to enter judgment in Plaintiff's favor. At the final trial on damages, the jury awarded Plaintiff more than $200,000.00 in compensatory and punitive damages.

*III. The Billing "Gap" Discussed in Defendant's Response Ignores the Other Case, Now Pending on Appeal. Plaintiff Does Not Seek Payment for Work Done Between April 2002 and January 2005 as an Effect of Using Billing Judgment.*

2

In his Motion, Defendant points out that Attorney Dennis W. Montoya and paralegal Brandon Cummings seek payment for a limited amount of work in 2002. This work was foundational in preparing this case for litigation. The reason there is a gap between the 2002 and 2005 billings is that, out of a desire to exercise proper billing judgment, Plaintiff is not ascribing any of the work done in the prior case, which is presently on appeal to the Tenth Circuit, to this case. Even though a great deal of the work done in the prior case is extremely intertwined with the instant case, Plaintiff and his attorneys believe that it is best to deal with the two cases as separately as possible. If he is successful in his appeal, Plaintiff will seek fees for the municipal liability case in that cause of action. If he is not, then he will not seek fees for any of the work not billed for in the instant case.

### *IV. Lodging is a Proper Cost for Reimbursement under 42 U.S.C. § 1988*

Defendant apparently misapprehends the standard for fee and cost awards under 42 U.S.C. §1988. The question is not whether a cost could be considered "overhead," Defendant's Response at p. 6, but whether the cost is of the type and sort that would normally be passed on to a client. The idea that attorneys would not pass on the cost of staying in a hotel so that that attorney could attend the client's trial is absurd. New Mexico has but one Federal District and therefore Mr. Stoker's travel cannot be said to be from "out of district" and neither can it be said to be unreasonable.

These fees are recoverable as attorneys' fees as part of the fee shifting provision of 42 U.S.C. §1988 on behalf of the prevailing party. The Tenth Circuit has explained that "reasonable expenses incurred in representing a client in a civil rights case should be included in the attorney's fee award if such expenses are usually billed in addition to the attorney's hourly rate."

3

*Case v. Unified School District No. 223*, 157 F.3d 1243, 1257 (10th Cir. 1998). Defendant's Response cites this case numerous times and he should therefore be familiar with this standard. In any event, Attorney Stoker's affidavit established that he bills his private clients for lodging in addition to his hourly rate.

Attorney fees include out-of-pocket expenses that are not taxable. See, e.g., *World Triathalon Corp. v. Dunbar*, 539 F.Supp.2d 1270, 1290 (D.Haw.2008); *Tri-Star Pictures, Inc. v. Unger*, 42 F.Supp.2d 296, 306 (S.D.N.Y.1999); *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 21 F.Supp.2d 1255, 1262 (D.Kan.1998), *aff'd in part & rev'd in part on other grounds*, 205 F.3d 1219 (10th Cir.2000). These fees should be awarded if "(1) the expenses are not absorbed as part of a law firm overhead but are normally billed to a private client, and (2) the expenses are reasonable." *United Phosphorus, Ltd.*, 21 F.Supp.2d at 1262. Plaintiff's request for payment to Mr. Stoker for travel is proper and should be approved. Reimbursement is requested in the amount of $2,529.62.

## *V. All of the Clerk's "Disallowed" Costs are Proper "Fees" and Should be Reimbursed*

Plaintiff submitted a cost bill and simultaneously requested reimbursement of any disallowed costs in his fee petition. Those costs, for the reasons stated in the preceding section are reimbursable as "attorney's fees." Specific request is made for reimbursement of the following items which were disallowed by the Clerk:

- A) Travel and lodging expenditures for Mr. Dennis W. Montoya, who had to travel to Denver, CO for oral argument. ***Amount: $517.12.***
- B) Investigator Fees. ***Amount: $220.55***.
- C) Parking Fees. ***Amount: $20.00***.

Each of the foregoing expenses were incurred in representing Mr. Manzanares, are customarily passed on to private clients and should be reimbursed to Plaintiff's attorneys pursuant to 42 U.S.C. §1988.

      D)      Depositions of J. Morales, M. Lopez, M. Curtis, C. Chester, D. Saladin
*Amount: $256.57, $463.99, and $164.72*.

      E)      Trial Transcripts. *Amount: $1,208.00, $1,649.91, and $429.10.*

Plaintiff expended a significant amount of money paying for deposition and trial transcripts that were necessary for trial preparation, the successful prosecution of the Tenth Circuit appeal, preparation for examination and cross-examination, and other permissible uses. These costs are charged to private clients by undersigned counsel and are not part of the overhead included in the billable hourly rate. Reviewing depositions and trial transcripts was necessary to prosecute this case. See *Exhibit 1 to Plaintiff's Motion to Tax Costs*.

The expenses requested are normally billed to paying clients by Plaintiff's counsel and in the legal market place in general in New Mexico. Such expenses are routinely found by the New Mexico federal district courts to be compensable in civil rights cases and they should be reimbursed in this case as well.

*VI. Defendant's Request that the Court Assume the Responsibility for Evaluating Each Time Entry on Plaintiff's Counsel's Billing Sheets is Improper. The Court Should Decline to Assume Defendant's Role.*

In closing his Response, Defendant essentially asks the Court to step into an adversarial role to Plaintiff's attorneys. Specifically, unlike any Responses in Opposition to a Fee Petition that undersigned counsel has ever seen, Defendant does not inform the Court the amount that he thinks the fee bill should be reduced. Instead, he simply says that it should be reduced and leaves the matter open. In determining that Plaintiff has met his burden of demonstrating that he has

used reasonable billing judgment, the Court is certainly entitled to review Plaintiff's billings, but asking the Court to assume the duty of deciding what billing Defendant believes is unreasonable, when Defendant had the opportunity to do so, but did not, would be unfair to the Court and to Plaintiff's counsel.

With regard to the claim that two attorneys was too much for this case, Plaintiff would point out that many civil rights cases have two attorneys. Although Plaintiff agrees that two attorneys and one paralegal might be more in line with the minimum for prosecution of this case, the addition of a second paralegal—particularly given her extensive law enforcement background, was extremely valuable to Plaintiff's presentation of this case. Certainly two attorneys is not overkill—Defendant himself had two attorneys over the course of this representation. If an adjustment of paralegal hours is warranted, Plaintiff suggests that it should be in the area of 25% as Mr. Cummings and Ms. Nagl cannot fairly have been said to have overlapped one another more than $1/4^{th}$ of the time at the absolute maximum.

### *VII. Plaintiff's Motion sets out the Reasonable Hours Expended in this Case, which Together with the Undisputed Hourly Rates Sets Forth the Fair Amount Due Plaintiff.*

The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation, multiplied by a reasonably hourly rate. *Ramos v. Lamm*, 713 F.2d 546 (10th Cir. 1983), *abrogated on other grounds by Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 US 711 (1987). Plaintiff has set out the hours his attorneys worked, has reduced those hours by almost every hour worked in the companion case, and the rates sought are not disputed by Defendant. An award of attorney's fees cannot be miserly, but must be generous, to avoid discouraging competent attorneys from accepting such employment. *Wildman v. Lemers Stores Corp.*, 771 F.2d 605 (1st Cir. 1985). Plaintiff's request is fair and should be granted.

*VIII. Fees for Obtaining Fees and Expenses*

It is well settled that the time and expenses incurred in proving and pursuing the fee claim itself are compensable. *Love v. Mayor, City of Cheyenne, Wyoming*, 620 F.2d 235 (10th Cir. 1980). Plaintiff's counsel's role in this case includes the prosecution of this Motion for Fees and Expenses, and he has submitted his affidavit detailing his time and expenses to date. Based on Defendants' opposition to the requested award of fees and expenses as well as their anticipated further objections to the Bill of Costs, Plaintiff's counsel's work is not complete. Evidence of counsel's additional time spent and expenses will be proven through supplemental affidavits.

**WHEREFORE**, Plaintiff respectfully requests that his fees be ordered paid in full and that his expenses and costs be reimbursed.

                                                                         Respectfully submitted,
                                                                        **MONTOYA LAW, INC.**

By: _____
      Dennis W. Montoya
      Attorney for Plaintiff
      P.O. Box 15232
      Rio Rancho, NM 87174

      (505) 246-8499
      (505) 246-8599 facsimile

I hereby certify that a true and correct copy of the foregoing pleading was delivered to all counsel of record on April 26, 2010 via the Court's CM/ECF electronic filing and document delivery service.

_____
Dennis W. Montoya